UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00039-GNS

SELECT REHABILITATION, LLC                                                                                   PLAINTIFF

v.

EMPOWERME REHABILITATION
KENTUCKY LLC, et al.                                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 35) filed by Defendants Stacy Boren, Jeremy Darnell, and Katelin Parsley (collectively "Moving Defendants"). The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

### I. STATEMENT OF FACTS AND CLAIMS

Plaintiff Select Rehabilitation LLC ("Select") provides therapy services to patients who live in assisted and independent living facilities in Bowling Green, Kentucky, including Massey Springs Senior Living (operated by GoodWorks Unlimited LLC ("GoodWorks")), Morningside of Bowling Green, Arcadia Senior Living, Charter Senior Living, and Chandler Park Assisted Living (collectively, the "Facilities"). (Compl. ¶ 1).

In November 2020, Defendant EmpowerMe Rehabilitation Kentucky LLC ("EmpowerMe") began an effort to recruit and hire away several Select employees, including Defendant Paula Vazquez ("Vazquez"), Select's Staffing Coordinator, who accepted a position with EmpowerMe. (Compl. ¶¶ 25-26, DN 1). Before Vazquez left Select for EmpowerMe, she

1

allegedly accessed Select's confidential compensation ranges for therapy positions for which EmpowerMe and Select compete ("Compensation Information") and used the Compensation Information to make a spreadsheet comparing Select and EmpowerMe's rates, which Vazquez sent to Defendant Jennifer Keeney ("Keeney"). (Compl. ¶¶ 27-28). In either December 2020 or January 2021, EmpowerMe hired Keeney, Select's former Agency Administrator, who began taking steps to recruit Select staff and patients in Kentucky to EmpowerMe. (Compl. ¶¶ 31-32).

Select claims that Keeney immediately began recruiting Defendant Michael Kelly ("Kelly"), who began transferring confidential patient information from the Facility computers to his personal email a month before resigning from Select. (Compl. ¶¶ 33-34). Keeney purportedly tasked Kelly to recruit Select therapy employees Defendants Katelin Parsley ("Parsley"), Stacy Boren ("Boren"), Jeremy Darnell ("Darnell"), Lisa Kearny ("Kearny"), Douglas Skinner ("Skinner"), and Miranda Hunt ("Hunt") (collectively the "Therapists") to EmpowerMe, while Kelly was still employed by Select. (Compl. ¶ 40). Parsley and Boren gave Select notice of their resignation on February 5, 2021, while Darnell, Kearny, Skinner, and Hunt gave no advance notice of their resignations. (Compl. ¶¶ 52-53). From February 12 to 20, 2021, Kelly and the Therapists, while still Select employees, allegedly began to discharge Select's patients without clinical justification. (Compl. ¶¶ 55, 71). The Select patients discharged from the Facilities by Kelly and the Therapists began receiving the same therapy services from EmpowerMe on February 21, 2021, the day after the Therapists left Select. (Compl. ¶¶ 72, 98). Select then learned on February 23, 2021, that Kelly and the Therapists had discharged every Select patient at the Facilities. (Compl. ¶ 81).

On July 9, 2021, the Court denied Select's motion for a temporary restraining order. (Order, DN 45). In the present motion, Moving Defendants challenge the sufficiency of the claims asserted against them in the Complaint. (Def.'s Mem. Supp. Mot. Dismiss 3-8, DN 35-1).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### IV. DISCUSSION

In moving to dismiss the claims asserted against them, Moving Defendants contend that instead of including particularized allegations of misconduct, the Complaint contains vague, ambiguous, and conclusory allegations against these Defendants with no mention of specific conduct that could support including them in this litigation. (Defs.' Mem. Supp. Mot. Dismiss 4-6). Further, Moving Defendants maintain that Select's collective style pleading fails to provide individual Defendants notice of which claims are being alleged against them. (Defs.' Mem. Supp. Mot. Dismiss 6).

A plaintiff must identify which defendant acted or participated in a particular harmful act or omission instead of simply lumping together all defendants and assigning acts and omissions to them as a group. *See CMH Liquidating Tr. v. Anderson (In re Cmty. Mem'l Hosp.)*, Nos. 12-20666-dob, 14-2020-dob, 2017 Bankr. LEXIS 3503, at *5 (Bankr. E.D. Mich. Sep. 29, 2017). In *CMH Liquidating Trust*, the hospital commenced Chapter 11 bankruptcy and filed an adversary proceeding against 36 defendants alleging that they breached their fiduciary duties and acted negligently by taking imprudent actions regarding or by failing to take actions sufficient to address the hospital's financial problems. *See id.* at *4. The plaintiff made no distinction between the various defendants or their roles in relation to the hospital and applied all allegations of each count to all defendants. *See id*. at *5-6. Under those circumstances, the court dismissed the action because the plaintiff did not satisfy the threshold pleading requirement of alleging facts against each defendant sufficient to state a claim upon which relief could be granted. *See id*. at *11.

Contrary to Moving Defendants' protestations, however, the Complaint sufficiently alleges particularized facts against the Moving Defendants to state a claim upon which relief can be granted. The Complaint does not simply group together and allege all counts against all

4

Defendants. Like *CMH Liquidating Trust*, in the present case there are multiple defendants and a Rule 12(b)(6) motion to dismiss for failure to state a claim; however, the similarities end there. Moving Defendants argue that Select's collective style pleading does not make specific allegations against individual Defendants and therefore does not satisfy Rule 8 and fails to give proper notice of the claims against them.

In *CMH Liquidating Trust*, rather than grouping the 36 defendants by any discrete metric, the plaintiff lumped them all together and alleged multiple claims against all defendants. In the present case there are nine Defendants, six of whom have been grouped together and designated "Therapists" because of their positions with Select. Select does not allege all counts against all Moving Defendants, rather they allege eight of the ten counts against the Therapists and other Defendants. In footnote one of the Complaint, Select assigns which Defendants are addressed individually and which Defendants are designated jointly as the Therapists. For each count, Select identifies to which Defendants the count pertains. Further, under the "FACTS COMMON TO ALL COUNTS" Select identifies the Therapists when alleging conduct applicable to all six members of that group and particularizes by name allegations pertaining to specific Defendants. Select's use of the Therapist designation in conjunction with the alleged facts against each separate Defendant is not so vague that Defendants cannot distinguish the claims asserted.

An allegation that "defendants" committed some act, "without any details about who did what is inadequate" under *Iqbal* and *Twombly*, and "does not propound a plausible contention that a particular person did anything wrong." *RehabCare Grp. E., Inc. v. CC Care, LLC*, No. 15 C 10876, 2016 U.S. Dist. LEXIS 59385, at *18 (N.D. Ill. May 4, 2016) (citation omitted). In *RehabCare Group*, RehabCare entered into written agreements to provide therapy services at nursing facilities. RehabCare performed these services and submitted monthly invoices pursuant

5

to the agreement and defendants did not pay for the services. *See id*. Without specifying individuals, RehabCare alleged claims of promissory estoppel and unjust enrichment against all defendants. *See id*. at *13.

RehabCare claimed that the defendants promised to provide services and that RehabCare relied on those promises. *Id.* at *14. RehabCare further alleged that the defendants knowingly received reimbursement by Medicare for services provided by RehabCare and withheld payment to RehabCare. *Id*. The court noted that RehabCare's allegations regarding the defendants' promises, representations, and requests did not give sufficient notice because the allegations failed to attribute promises to particular defendants, and found that the claim failed and granted defendants' motion to dismiss. *Id*. at *18, *25.

By contrast, Select's Complaint articulates conduct specific to each of the Moving Defendants to support claims against them. Select grouped the Therapists together because their positions and conduct were similar. However, while Select directs some allegations to the Therapists as a group, it also identifies specific conduct by each individual therapist. For example, Select alleges that the Therapists along with Kelly discharged the patients, then lists by name which individual therapist treated each patient and specifies when and for what reason each patient was discharged. Under each count, Select lists to whom the claim pertains and reiterates the facts that support each claim. Thus, Select has provided Moving Defendants sufficient notice of what claims are being alleged against them and specific instances of conduct rather than vague allegations of conduct. For these reasons, the motion will be denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 35) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 24, 2021

cc: counsel of record