UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00039-GNS-HBB

SELECT REHABILITATION, LLC							PLAINTIFF

v.

EMPOWERME REHABILITATION
KENTUCKY LLC, et al.									DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Redact the Transcript from the Temporary Restraining Order Hearing (DN 67). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    SUMMARY OF THE FACTS

This action arises from a verified Complaint for a temporary restraining order, preliminary injunction, and permanent injunctive relief, resulting from alleged misappropriation of trade secrets and confidential and proprietary information. (Compl., DN 1). Plaintiff Select Rehabilitation, LLC ("Select") alleges claims for the misappropriations under federal and state law against Defendants EmpowerMe Rehabilitation Kentucky, LLC, Jennifer Keeney, Michael Kelly, Katelin Parsley, Lisa Kearny, Stacy Boren, Jeremy Darnell, Douglas Skinner, and Miranda Hunt (collectively "Defendants"). (Compl. ¶¶ 101-14, 115-26, 127-31, 132-38, 139-48, 149-55, 156-61, 162-67, 168-70, 171-72). Select moved for a temporary restraining order and requested an expedited hearing. (Pl.'s Mot. TRO, DN 5). Following a hearing, the Court denied the motion. (Mem. Op. & Order, DN 46).

Now, Select moves for leave to redact the transcript from the hearing, pursuant to the Stipulated Protective Order (DN 57), and to redact certain personal health information, confidential and proprietary information, or data implicating the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Pl.'s Mot. Leave Redact, DN 67). Defendants' response indicates they concur or have no objection to several proposed redactions, but do object to redactions of alleged propriety or confidential information and trade secrets, asserting Select has not met the burden to justify redaction. (Defs.' Resp. Pl.'s Mot. Leave Redact, DN 69).

## II. JURISDICTION

The Court has subject matter jurisdiction over this matter based upon federal question, as the Complaint asserts breaches of federal law. *See* 28 U.S.C. § 1331. The Court maintains jurisdiction over the remaining claims by exercising supplemental jurisdiction, as the claims arise out the same case or controversy. *See* 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

The Local Rules for the Western District of Kentucky provide that "[p]arties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can only occur in limited circumstances . . . ." LR 5.6(a); *see also* Fed. R. Civ. P. 5.2. This Rule is consistent with the "long-established legal tradition of the presumptive right of the public to inspect and copy judicial documents and files" and a "strong presumption in favor of openness regarding court records." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 2016); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

This presumption can, nonetheless, be overcome by certain interests, including "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson*, 710 F.2d at 1179 (citations omitted). This privacy right of participants includes their personal health information. *Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 U.S. Dist. LEXIS 108121, at *3 (S.D. Ohio June 16, 2022); *Patel v. Aetna*, No. 2:17-cv-78, 2018 U.S. Dist. LEXIS 239317, at *8-9 (S.D. Ohio Apr. 3, 2018) (sealing forms containing medical diagnoses, identity of healthcare providers, prescription information, and other personal health information). A statutory interest designed specifically to "ensure the security and privacy of health information" is HIPAA. *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 U.S. Dist. LEXIS 14691, at *3 (6th Cir. Jan. 30, 2018) (internal quotation marks omitted) (quoting *Thomas v. 1156729 Ont. Inc.*, 979 F. Supp. 2d 780, 782 (E.D. Mich. 2013)). The party seeking to seal or redact records bears a "heavy burden" in overcoming the presumption and "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).

But this presumption is not overcome "simply because it is unopposed." *Thornton v. Himmler*, No. 3:20-cv-P60-RGJ, 2021 U.S. Dist. LEXIS 108937, at *2 (W.D. Ky. June 10, 2021) (internal quotation marks omitted) (quoting *Rucker v. Lindamood*, No. 1:16-CV-00090, 2020 U.S. Dist. LEXIS 185583, at *4 (M.D. Tenn. Oct. 6, 2020)). "Nor does a mere reference to HIPAA mean that the Court should automatically grant the motion . . . ." *Id.* at *1-2 (citing *Tyson*, 2018 U.S. Dist. LEXIS 14691, at *3). Additionally, merely showing that the information would harm the company's reputation is not sufficient to overcome the presumption in favor of public access

to court proceedings and records. *Brown & Williamson*, 710 F.2d at 1179; *see also Shane Grp. Inc.*, 825 F.3d at 305.

### IV. DISCUSSION

#### A. Unopposed Redaction Requests

Select presents eighteen instances which contain references to personal health information[1] in the transcript and specifically denotes the pages and lines of this information. (Pl.'s Mot. Leave Redact 3-4). Select also requests that the inclusion of a defendant's personal email address be redacted. (Pl.'s Mot. Leave Redact 4). Defendants responded to one of Select's concerns with an affirmative request to redact personal health information. (Defs.' Resp. Pl.'s Mot. Leave Redact 2). As for the other instances and the email address, Defendants do not object. (Defs.' Resp. Pl.'s Mot. Leave Redact 2).

Looking to the three requirements that must be shown, Select meets the heavy burden. *See Kondash*, 767 F. App'x at 637. Select's interest in redacting the transcript is premised upon the protection of personal health information; the interest outweighs the public's interest in accessing

---

[1] Personal health information, otherwise known as "individually identifiable health information," is defined in HIPAA as follows:

> [A]ny information, including demographic information collected from an individual, that—
> (A) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> (B) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and—
> (i) identifies the individual; or
> (ii) with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

42 U.S.C. § 1320d(6).

those aspects of the transcript; and the request is tailored to only the identified personal health information. *See id.* As for the personal email address, the interest still focuses on personal information, though not to the same heightened interest in protecting personal health information; the public's interest in accessing the transcript is unrestricted and the public's interest in accessing the personal email address is *de minimus*; and the request is so narrowly tailored that it seeks to redact only a singular occurrence of the email address in the whole transcript. *See Brown & Williamson*, 710 F.2d at 1179.

Therefore, Select's motion for leave to redact is granted insofar that the eighteen identified instances of personal health information and one utterance of the personal email address.

### B.     Opposed Redaction Requests

Select also identifies for redaction five instances containing alleged proprietary or confidential information and/or trade secrets. (Pl.'s Mot. Leave Redact 4-5). These statements include information related to Select's business structure and organization, a form created by Select pertaining to business operations, and various information about therapists employed by Select. (Pl.'s Mot. Leave Redact 4-5). This information, Select avers, is at the heart of this action and disclosure could harm its competitive standing in the market. (Pl.'s Mot. Leave Redact 5). Defendants resist redaction of this information, maintaining that Select has failed to meet the threshold burden to seal, noting that it was Select's own choice to "bring this matter to [the] public courtroom." (Defs.' Resp. Pl.'s Mot. Leave Redact 2-5).

Select's requests do not merit redaction. Admittedly, Select's requests are narrowly tailored, as it seeks redaction of only six occurrences of alleged confidential or proprietary information. Select's arguments, however, do not present a compelling interest which outweighs the public's interest in accessing the records. *See Kondash*, 767 F. App'x at 637. The full extent

of Select's basis for seeking redaction is that "disclosure of such information could harm Plaintiff's competitive standing if not redacted because they contain information about Plaintiff's operations, staffing, and pay rates that are not otherwise available and could be used . . . to damage Plaintiff." (Pl.'s Mot. Leave to Redact 5). As stated above, simply showing that the information would harm a company's reputation is not sufficient to overcome the presumption in favor of public access. *Brown & Williamson*, 710 F.2d at 1179; *Shane Grp. Inc.*, 825 F.3d at 305.

Moreover, the Court's Order denying Select's motion for a temporary restraining order noted that "there are numerous sources of information online that pertain to therapist compensation." (Order 3, DN 45). "Although Defendants may not have had legitimate access to Plaintiff's payment policy or plan, it seems plausible that they could have easily ascertained a particular therapist's compensation level through direct inquiry." (Order 3). This direct inquiry would also allow an interested party to question the number of patients a therapist may see. While the therapist would not be able to provide personal health information under HIPAA, the number of patients a therapist is responsible for does not divulge that type of sensitive information. Finally, Select has presented no compelling interest in seeking to redact the number of buildings it has in a region, notwithstanding a general statement that the business structure and organization is confidential. (Pl.'s Mot. Leave to Redact 4). Therefore, under the three-part analysis, Select fails to meet its burden to warrant redaction. *See Kondash*, 767 F. App'x at 637.

Lastly, Select contends that its confidential information falls within the scope of the Stipulated Protective Order (DN 57) ("Protective Order") and Fed. R. Civ. P. 26(c)(1)(G), also relating to protective orders. (Pl.'s Mot. Leave to Redact 5). The Protective Order prohibits external disclosure of "a trade secret or other confidential research, technical, development, financial or commercial information as those are the terms used in Fed. R. Civ. P. 26(c)(1)(G) and

case law construing same . . . ." (Stipulated Protective Order ¶ 2, DN 57). While Select asserts this information may be marked "Confidential" according to the Protective Order, that Order only pertains to information or documents "produced or adduced in the course of discovery of this matter . . . ." (Stipulated Protective Order ¶ 1). This provision clearly has no application to documents and testimony offered into evidence during the temporary restraining order hearing. Thus, the Court's sealing determinations must conform with the three-part analysis, with respect to which Select's showing is insufficient. *See Kondash*, 767 F. App'x at 637. Therefore, redaction is not warranted, and Select's motion is denied as to any alleged trade secret.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Redact the Transcript (DN 67) is **GRANTED IN PART** and **DENIED IN PART**. Redactions shall be made consistent with the Court's decision above.

Greg N. Stivers, Chief Judge
United States District Court

October 13, 2022

cc: counsel of record